RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 2/24/11
BY gtn

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DUAL CONSTRUCTION, INC. | CIVIL ACTION NO. 10-1039 |
| VERSUS | JUDGE TRIMBLE |
| CITY OF ALEXANDRIA | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by third party defendant in this matter, Meyer, Meyer, Lacroix and Hixson, Inc. ("Meyer").[1] For the reasons expressed in the herein, the court finds that Meyer's motion to dismiss should be DENIED in all respects.

I.     **RELEVANT FACTS AND PROCEDURAL HISTORY**

The above-captioned suit arises out of a public works project entitled "Highway 28 West Sewer Trunk Mains" which was opened for bids in August of 2005 by the City of Alexandria, Louisiana ("City").[2] Dual Construction, Inc. ("Dual"), plaintiff herein, was awarded the project and, on December 8, 2005, entered into a contract ("contract") with the City.[3] Pursuant to the Louisiana

---

[1] R. 35.

[2] R. 35-1 at p. 1.

[3] R. 1 at ¶ 4.

1

Public Works Act and the Louisiana Public Contract Law,[4] Dual furnished a Payment Bond and Performance Bond ("Bonds"), issued by Merchants Bonding Company ("Merchants").

Dual filed this suit against the City on June 25, 2010, asserting breach of contract claims based on the City's alleged failure to pay a portion of the balance due Dual under the contract.[5] The City timely answered the suit and asserted a counterclaim against Dual and a third party complaint against Merchants.[6] Specifically, the City's counterclaim and third party complaint aver that

> 23.
>
> Dual's failure to complete the construction contract and failure to remedy defective work represents a clear breach of the applicable contracts...
>
> 30.
>
> [p]ursuant to the terms of the Performance bond in place, Merchants is liable in solido with Dual, for all amounts asserted by the City against Dual as stated above, up to the penal sum of applicable bond.
>
> 31.
>
> Furthermore, in failing to comply with its obligations set forth in the applicable bonds, Merchants has acted in bad faith and is liable to the City for all damages set forth hereinabove and all penalties or punitive damages available under applicable law, including Title 22 of the Louisiana Revised Statutes.[7]

Merchants answered the City's third party complaint and, in turn, asserted a third party

---

[4]La. R.S. 38:2241, et seq.; La. R.S. 38:2216.

[5]R. 1.

[6]R. 5.

[7]Id. at ¶¶ 23, 30-31.

complaint against Meyer, alleging, in part, that

> ...in the event that it is determined that Merchants is liable to City, which is denied, then Merchants shows that it is entitled to judgment in its favor, and against [Meyer], as a result of the negligence, error and/or omission of [Meyer].
>
> \* \* \*
>
> K.
>
> [Meyer] was bound to and had a duty to but did not provide that degree of care and skill required of other engineers in the same general area.
>
> L.
>
> In the event that it is determined that Merchants is liable to City, which is denied, Merchants shows that said liability is as a result of the aforementioned negligence, acts, errors and/or omissions, among others which will be shown at the time of trial. Merchants is subrogated to the rights of City against [Meyer], is subrogated to and/or assigned any rights Dual may have against [Meyer], and is entitled to recover from [Meyer] based on its own right and cause of action.[8]

Meyer filed the instant motion to dismiss Merchants' third party claims against it, asserting that such claims are not cognizable under Louisiana law in light of amendments to La. Civ. C. Arts 2323 and 2324(B) in 1996, abolishing solidary liability among joint tortfeasors.

The court has now reviewed the record in this case and, noting receipt of all necessary briefs by Meyer and Merchants, finds the instant motion ripe for consideration. We address the law and argument advanced by the parties below.

## II. APPLICABLE STANDARD

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is "viewed with

---

[8] R. 22 at ¶¶ I, K, L.

3

disfavor and is rarely granted."[9] When considering such a motion, this court is bound to construe the complaint liberally and in favor of plaintiff, taking all facts pled in the complaint as true.[10] Viewing the complaint in this light, we must determine whether or not it appears beyond doubt that plaintiff can prove no set of facts which would entitle it to relief on its claim.[11]

### III. ANALYSIS

Meyer first urges dismissal based on the 1996 amendments to La. Civ. C. Arts. 2323 and 2324(B) which abolished solidary liability among non-intentional tortfeasors, leaving such tortfeasors liable only for each one's proportionate share of fault.[12] Meyer asserts that Merchants' third party claims against it seek contribution and indemnity against it as a joint tortfeasor, should Merchants be found liable in the underlying suit and that such claims are no longer cognizable under Louisiana tort law.[13]

As amended, Art. 2323 concerning comparative fault provides, in part, that

> A. [i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency,

---

[9] Kaiser Aluminum & Chemical Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982).

[10] Campbell v. Wells Fargo Bank, 781 F.2d 440 (5th Cir. 1986).

[11] Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

[12] R. 35 at pp. 4-5.

[13] Id.

4

>   > ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.
>
> B.  The provisions of Paragraph A shall apply to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability.

Merchants argues that, while Meyer's recitation of the post-amendment tort law is correct, Meyer mischaracterizes Merchants' third party claims, which are contract claims, rather than tort claims, making Meyer's argument inapplicable to the claims at issue.[14] Merchants points out that the City's claim against it is for breach of contract in its role as surety under the bonds issued. Merchants asserts that, not having been sued in tort, it cannot be considered a joint tortfeasor with Meyer.[15]

Meyer responds by arguing that, since the only claim filed by Merchant against Meyer in this case is one seeking indemnity only in the event Dual and/or Merchants is cast in judgment in favor of the City, the sole issue raised in Meyer's motion to dismiss is whether or not Merchants can maintain a cause of action against Meyer for indemnity in light of the 1996 amendments referenced

---

[14] R. 59 at pp. 1-2, 5-9.

[15] Id.

above.[16] Meyer further points out that, as amended, Subsection B of Art. 2323 provides that comparative negligence will operate in any claim for injury, death or loss, regardless of what theory of liability is employed to bring the claim.[17]

Merchants asserts that its only role in this suit is as a surety under the bonds issued in Dual's favor, which are defined by La. Civ. C. Art. 3035 as accessory contracts.[18] Accordingly, Merchants further asserts that it seeks indemnity against Meyer not as a joint tortfeasor, but under the various contracts among the parties. Citing La. Civ. C. Arts. 3047 and 3048, Merchants argues that, under the contract of surety, it has a right to seek reimbursement and of subrogation to the rights of the creditor – here, the City. Moreover, Merchants points out that the indemnity provision of the bonds themselves allows it to step into the shoes of Dual and bring any claims that Dual would have against Meyer, which Merchants asserts includes its professional negligence claim against Meyer as stated in its third party complaint.

Having considered these arguments carefully, we find that Meyer's motion should be denied. In <u>Martco Limited Partnership v. Wellons, Inc.</u>,[19] this court amended its judgment which reduced the jury's award to plaintiff by twenty percent (20%), which constituted the proportion of fault the jury assigned to plaintiff in that case. The court based its amendment on Louisiana jurisprudence which

---

[16] R. 64 at pp. 1-2.

[17] Id.

[18] R. 59 at pp. 7-

[19] Civil Action No. 04-673, 2008 WL 394221 (W.D. La. 2008) citing Merlin v. Fuselier Const. Inc., 789 So.2d 710 (La. App. 2 Cir. 2002); See also Hostetler v. W. Gray & Co., Inc., 523 So.2d 1359, 1368 (La. App. 2 Cir. 1988) (disallowing comparative negligence application where the claims at issue arose out of a contract among the parties).

6

clearly dictated that comparative fault is inapplicable to breach of contract claims.[20] In considering this issue, the Louisiana Second Circuit Court of Appeal observed that "comparative negligence may only be asserted in a tort claim" and further observed that when the underlying transaction in an allegation of fault is a contract, the fault alleged is contractual, rather than delictual.[21]

In the case at bar, the relationships among the parties arise out of a series of contracts: a contract between the City and Dual for the construction of the sewer improvements, a surety contract between Dual and Merchants for the benefit of the City and, in all likelihood, a contract between the City and Meyer for professional engineering services.

Dual's complaint clearly alleges that the City breached the contract between them by failing to pay a portion of the consideration due under that instrument. The City's counterclaim, in turn, alleges that Dual breached the contract between them by failing to remedy defective work and that Merchants is liable for damages resulting from Dual's breach by virtue of the bonds issued. Applying the reasoning of the Louisiana Second Circuit on this issue, the fault alleged by each of the plaintiffs in this matter is contractual fault, as the underlying transactions are contracts. Given the bedrock principle that contracts have the effect of law as among the parties thereto, we find that Meyer's motion, were it granted, would contravene established contract law. Moreover, we do not find that Meyer has demonstrated, under the applicable standard, that Merchants can prove no set of facts which would entitle it to relief under the contracts among the parties in this suit.

For the foregoing reasons, Meyer's motion to dismiss will be denied in all respects. The

---

[20] Merlin v. Fuselier Const. Inc., 789 So.2d 710 (La. App. 2 Cir. 2002) citing Hostetler v. W. Gray & Co., 523 So.2d 1359, 1368 (La. App. 2 Cir. 1998).

[21] Hostetler, 523 So.2d at 1368-69.

court will issue an order in conformity with these findings.

**Alexandria, Louisiana**
**February 24, 2011**

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE